FILED

2015 JUN 19 AM 9: 43

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JON ARNOLD,

        Plaintiff,

v.

CASE NO: 3:15-cv-735-J-39 PDB
**JURY TRIAL DEMANDED**

SUNRISE CREDIT SERVICES, INC.

        Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff JON ARNOLD ("Arnold" or "Plaintiff") files suit against SUNRISE CREDIT SERVICES, INC. ("SUNRISE") and in support alleges:

### NATURE OF ACTION

1. This is an action for injunctive relief and damages by Plaintiff, Jon Arnold, an individual, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA"), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. by SUNRISE. Fundamentally, this case is about SUNRISE's refusal to respect Mr. Arnold's personal and legal rights in its attempts to excessively contact Mr. Arnold.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

3. Venue is proper pursuant to 28 U.S.C. § 1331(b)(2) because the events

giving rise to the claims occurred in this district.

## THE PARTIES

4. Plaintiff, Jon Arnold, is a natural person residing in Florida.

5. Defendant SUNRISE, is chartered as an accounts receivable management company with its main headquarters located at 260 Airport Plaza, Farmingdale, NY 11735.

6. Plaintiff is the regular user and carrier of the cellular telephone 904-254-1115 and was the called party and recipient of the SUNRISE calls.

7. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

8. Defendant SUNRISE is a corporate entity responsible for contacting Plaintiff and transacting business in the State of Florida.

9. Plaintiff hired Davis Law Firm to represent him and to seek relief from the overwhelming volume of calls that Plaintiff was receiving.

## BACKGROUND

10. Beginning on January 7, 2015, SUNRISE began a campaign of telephone calls to Plaintiff's cell phone.

11. Plaintiff received twenty-five telephone calls in a fifteen-day period.

12. On at least two separate occasions, specifically January 8, 2015 and January 12, 2015, SUNRISE called Mr. Arnold's phone at least 5 times in a single day.

13. Exhibit "A" displays the times and dates of at least some of the 25 telephone calls made by SUNRISE to Mr. Arnold's cellular telephone between January 7, 2015 and January 21, 2015.

14. Tired of receiving the harassing calls, Mr. Arnold answered one or more of the phone calls and advised the caller to cease and desist any phone calls in an attempt to have the harassing phone calls stop.

15. On January 12, 2015, Mr. Arnold wrote an email to SUNRISE stating:

> Your company has been calling my cell number through your automated dialers. I have advised at least one time cease and desist all communications whether it be text or phone calls. You do not have my authorization to contact me and you have already violated federal laws.

16. This email was received and answered on the same day, January 12, 2015, by a SUNRISE employee who responded:

> In response to your email I apologize for any inconvenience and please be advised that we have place your # on out internal do not call list. . . .

17. A copy of the cease and desist email exchange is attached as Exhibit "B."

18. Later that same day, even after receiving the cease and desist and responding, SUNRISE called Mr. Arnold at least two additional times.

19. The very next day, on January 13, 2015 at approximately 11:51 AM, the day after Mr. Arnold clearly revoked the alleged consent in writing, Mr. Arnold received back-to-back phone calls from SUNRISE.

20. In total, after Mr. Arnold ordered Sunrise to "cease and desist" in writing, SUNRISE called Mr. Arnold's cell phone an additional twelve times.

21. SUNRISE called the Plaintiff using telephone number 305-508-9083.

22. The phone number 305-508-9083 is a number that does or did belong to SUNRISE or its agents.

23. SUNRISE attempted to collect a debt from Plaintiff by this campaign of

telephone calls.

24. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

25. The telephone calls made to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

26. The telephone calls made by SUNRISE were made using an artificial or prerecorded voice.

27. SUNRISE did not have Plaintiff's consent to call his cellular telephone using automatic telephone dialing equipment.

28. Plaintiff revoked any alleged consent to call his cellular telephone by informing SUNRISE to "stop calling" and to "cease and desist."

29. Plaintiff revoked any alleged consent to call his cellular telephone in writing with his email informing SUNRISE to "stop calling" and to "cease and desist."

30. The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

31. SUNRISE uses automatic telephone dialing systems.

32. SUNRISE has many similar complaints from individuals across the country to those alleged by Plaintiff in this lawsuit.

33. All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I – VIOLATIONS OF THE TCPA BY SUNRISE

34. Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint.

35. SUNRISE willfully or knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice to Plaintiff's cellular telephone without Plaintiff consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

36. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, SUNRISE for:

    a) Damages; and

    b) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint.

38. By continuing to contact Mr. Arnold despite having actual knowledge that Mr. Arnold did not consent to be called, by using automatic telephone dialing equipment to call Mr. Arnold's cellular telephone, by calling his at least 25 times in such a short time span, by calling him after he requested the calls to stop, and by communicating with Mr. Arnold in a manner reasonably expected to harass Mr. Arnold, SUNRISE engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat.§ 559.72(7).

39. Each harassing call is a separate violation of the FCCPA and a separate count in this complaint.

40. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, SUNRISE for:

    a) Actual and statutory damages;

    b) Attorney's fees and costs of suit; and

    c) A permanent injunction enjoining the Defendant from engaging in the violative practices; and

    d) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT III – VIOLATIONS OF THE FDCPA

41. Mr. Arnold incorporates by reference paragraphs 1 through 33 of this Complaint.

42. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act ("FDCPA").

43. Defendant's violations of the FDCPA include:

    a) Engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt, in violation of 15 U.S.C. § 1692d;

    b) The use of any false, deceptive, or misleading representation or means in connection with the collection of any alleged debt, in violation of 15 U.S.C. § 1692e;

    c) Falsely representing the character, amount, or legal status of an alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    d) Communicating to any person credit information which is know to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8);

e) The use of any false representations of deceptive means to collect or attempt to collect any alleged debt, in violation of 15 U.S.C. § 1692e(10);

f) The failure to disclose in the initial writing or oral communication that the debt collector is attempting to collect an alleged debt, in violation of 15 U.S.C. § 1692e(11);

g) The use of unfair or unconscionable means to collect or attempt to collect any alleged debt; in violation of 15 U.S.C. § 1692f; and

h) Attempting to collect an amount which is not owed, in violation of 15 U.S.C. § 1692f(1).

44. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant:

a) Declaring that Defendant violated the FDCPA;

b) Awarding plaintiff actual and statutory damages from Defendant;

c) Awarding Plaintiff attorney's fees and costs of suit; and

d) Such other relief as the Court deems equitable, just, or proper.

**DAVIS LAW FIRM**

*s/TODD M. DAVIS*
**TODD M. DAVIS, ESQ.**
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com